UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ERIC McCARTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No: 4:13 CV 54 |
| | ) |
| PURDUE UNIVERSITY BOARD | ) |
| OF TRUSTEES, *et al.* | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on a motion to dismiss filed by The Trustees of Purdue University, Gregory W. Hedrick II, and David Shaw (collectively, "defendants"). (DE # 40.) Defendants bring their motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c) on the grounds that Eleventh Amendment sovereign immunity bars plaintiff's suit. (DE # 41 at 1–2.) Plaintiff has filed an expedited response (DE # 44) and the court will now review the motion.

### I.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) asserts that the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Additionally, Eleventh Amendment sovereign immunity presents a "jurisdictional bar" and may be raised at any time

during the pendency of litigation—even for the first time during appeal. *Edelman v. Jordan*, 415 U.S. 651, 677–78 (1974).[1]

A Rule 12(b)(1) motion can present either a facial or factual challenge to subject-matter jurisdiction. *Villasenor v. Indus. Wire & Cable, Inc.*, 929 F. Supp. 310, 312 (7th Cir. 1996). A facial attack is a challenge to the sufficiency of the pleading itself. *Id.* When such a challenge has been presented, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

In the case at hand, however, defendants do not challenge the sufficiency of the complaint; rather, they present a factual challenge to the existence of subject matter jurisdiction based upon the evidence in the record. *See Villasenor*, 929 F. Supp. at 312 (7th Cir. 1996). "Where evidence pertinent to subject matter jurisdiction has been submitted . . . the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists."

---

[1] It is undecided whether or not Eleventh Amendment sovereign immunity raises a jurisdictional issue. *Mexicana v. Indiana*, No. 2:11-CV-482 JD, 2013 WL 4088690, at *3–4 (N.D. Ind. Aug. 13, 2013) (citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998). So, it is similarly undecided whether this court should apply the Rule 12(b)(1) standard or the standard as provided by Rules 12(b)(6) or 12(c). However, the applicable standard ultimately makes no difference in this case. Defendants concede that the complaint was facially sufficient as to the Eleventh Amendment argument, so defendants' motion would fail under the standard of Rules 12(b)(6) and 12(c) which only requires the court to assess the adequacy of the pleadings. (*See* DE # 41 at 15.) Furthermore, for the reasons stated below, sovereign immunity does not apply even when the issue is reviewed under the more inclusive 12(b)(1) standard for a factual challenge. Therefore, regardless of the standard the court applies in this case, the motion will be denied.

*Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (internal quotation marks omitted). Here, the plaintiff has the obligation to establish jurisdiction by competent proof. *Id*.

A motion pursuant to Rule 12(c) is a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). In evaluating such a motion, the court views the facts in the complaint in the light most favorable to the nonmoving party and should not grant the motion "unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Austin v. Wal-Mart Stores, Inc.*, 20 F. Supp. 1254, 1255–56 (N.D. Ind. 1998).

## II.    DISCUSSION

In his complaint, plaintiff alleges he took family leave under the Family and Medical Leave Act, 29 U.S.C. § 2615 ("FMLA") for the birth of his child in 2012. (DE # 1.) Plaintiff alleges he returned to work on December 10, 2012, and the following day he was informed that he would not be retaining the position he held prior to his period of leave. (DE # 22-14 ¶ 9–10.)

In their motion to dismiss, defendants contest plaintiff's characterization of events. (DE # 41.) They assert that immediately prior to this alleged demotion, plaintiff had taken a period of "self-care leave" — as opposed to "family leave" — from November 30, 2012 to December 10, 2012. (DE ## 41 at 2, 41-2 ¶ 8.) According to defendants, this distinction between types of leave has bearing on whether or not plaintiff may move forward with his suit. This is because Congress has not abrogated a state's immunity to suit under this self-care provision of the FMLA, and thus Eleventh

Amendment sovereign immunity precludes FMLA claims against states based on this type of leave. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 36–44 (2012).

Given this evidence, the court must analyze plaintiff's claims to see if they are based on self-care leave, in which case they would be barred by sovereign immunity. First, plaintiff brings an interference claim under the FMLA. (DE # 1 at 5.) To present a claim for interference, plaintiff must demonstrate that defendants failed to restore him to his pre-leave position, or its equivalent, following his leave. (*See* DE # 41.) While plaintiff does not deny that his alleged demotion occurred immediately following a period of self-care leave, he argues that his interference claim is nonetheless based on the failure to restore his position following family leave. (DE # 44 at 3.)

To determine whether competent proof exists to support plaintiff's argument, the court looks to the evidence in the record regarding the exact scope of the family leave. According to plaintiff, he "applied and was certified for both continuous and intermittent leave under the FMLA from October 15, 2012 through October 14, 2013." (DE # 22-1 ¶ 1.) This assertion is supported by the record, as provided in a document titled "Family and Medical Leave Act Request and Notice." (DE # 18-17.) Although plaintiff was absent for multiple separate periods of time over this year (*see* DE # 41 at 7), the entire span of intermittent leave still counts as one block of FMLA leave. *See Barron v. Runyon*, 11 F. Supp. 2d 676, 681 (E.D. Va. 1998) ("Leave that is taken intermittently must, by definition, comprise periods in which the employee is absent from work and periods in which the employee is present at work. . . . [I]f each absence were deemed a separate period of leave, then there would be no such thing as

4

intermittent leave.") Accordingly, plaintiff has provided competent proof supporting the notion that he was still on a year-long period of intermittent FMLA family leave at the time he was demoted in December 2012.

Since evidence in the record demonstrates that plaintiff was demoted before his intermittent family leave ended, there is competent proof to support plaintiff's interference claim as based upon the family leave alone (regardless of the self-care leave). Therefore, this claim is not precluded by sovereign immunity. *Cf. Deka v. Countryside Ass'n For People With Disabilities, Inc.*, 140 F. Supp. 3d 698, 707 (N.D. Ill. 2015) (finding that an employee was not precluded from alleging FMLA interference when she was terminated after requesting intermittent leave, but before utilizing any of the leave).

Next, regarding plaintiff's retaliation and discrimination claims, the court agrees with plaintiff that the survival of these claims is entirely unaffected by the revelation that plaintiff took a period of self-care leave. It is undisputed that plaintiff took at least some period of family leave, and plaintiff's allegations and evidence both purport that plaintiff was discriminated or retaliated against due to that leave alone, not due to the self-care leave. (DE ## 1; 22-14.)

In sum, defendants are correct that, to the extent plaintiff bases his FMLA claims on the period of self-care leave, his claims are barred by the Eleventh Amendment. However, plaintiff's claims appear to be based not on that period, but instead, on the period of intermittent leave which encompassed the date that plaintiff was allegedly

demoted. (*See* DE ## 1, 22-1 ¶¶ 1–4.) Therefore, the Eleventh Amendment does not bar plaintiff's claims.

Lastly, in a short footnote, defendants move to dismiss plaintiff's individual capacity claims against Hedrick and Shaw under Rule 12(c). (DE # 41 at 15 n. 6.) Defendants argue, briefly, that plaintiff has not alleged Hedrick and Shaw violated the FMLA outside of their official capacities. (*Id.*)

Plaintiff disagrees. (DE # 44 at 6.) He points to his allegations that both individual defendants were personally involved in the decision not to hire plaintiff as a Security Architect. (*See* DE # 1 ¶¶ 28, 32–37.) At least one court has found that a public employee may be held individually liable under the FMLA if the employee acts directly or indirectly in the interest of the employer. *See Barnes v. LaPorte County*, 621 F. Supp. 2d 642, 645 (N.D. Ind. 2008). Furthermore, the court previously denied summary judgment on these same individual capacity claims (*see* DE # 30), and defendants do not argue that anything has changed regarding these claims since that order was issued. Therefore, the court will deny defendants' motion as to the individual capacity claims.

## III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss (DE # 40) is **DENIED**.

**SO ORDERED**.

Date: June 27, 2017

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT